IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:22-CR-32-KAC-DCP |
| BRANDON KAVANAGH, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Brandon Kavanagh's Motion to Continue Trial and Associated Deadlines [Doc. 73], filed on June 14, 2024.

Defendant Kavanagh asks the Court to continue trial until late September 2024. In support of his motion, Defendant Kavanagh asserts that he is named only in Count 3 of the First Superseding Indictment for aiding and abetting a violation of 18 U.S.C. § 2232(a), involving the destruction and removal of data on electronic devices following the execution of a search warrant on January 14, 2021. He asserts that the Government's primary focus has been on Codefendant Justis Johnson, who entered into a plea agreement on April 29, 2024. Defendant's motion states that his counsel and counsel for the Government have been in ongoing plea negotiations but require additional time to review additional discovery that may be forthcoming. Counsel for the Government does not object. Defense counsel confirmed with Chambers via email that Defendant Kavanagh understands his right to a Speedy Trial and agrees to the requested continuance.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel requires more time to review potential discovery, engage in plea negotiations, and prepare for trial in the event those negotiations are not fruitful. The Court finds that all of this cannot occur before the July 16, 2024 trial date.

The Court therefore **GRANTS** Defendant Brandon Kavanagh's Motion to Continue Trial and Associated Deadlines [**Doc. 73**]. The trial of this case is reset to **September 24, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on June 14, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Brandon Kavanagh's Motion to Continue Trial and Associated Deadlines [**Doc. 73**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **September 24, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **June 14, 2024**, and the new trial date of **September 24, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **August 23, 2024**;

(5) the deadline for filing motions *in limine* is **September 9, 2024**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **September 10, 2024, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **September 13, 2024**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

3